**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINIK MARINE, INC. | Civil Action No. 10-1918 (PGS) |
| Plaintiff, | |
| v. | |
| IRONHEAD MARINE, INC. | **MEMORANDUM & ORDER** |
| Defendant/Third Party Plaintiff. | |
| v. | |
| HANNAH MARITIME CORP., et al. | |
| Third Party Defendants. | |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court by third party defendants', OSK Marketing & Communications, Inc. ("OSK Marketing"), OSK GmbH, Siemens Industry Inc. and Siemens Aktiengesellschaft (Siemens AG"), who each filed a motion to dismiss third party plaintiff's, Ironhead Marine ("Ironhead"), third party complaint.  Ironhead asserts six claims for relief in the third party complaint including contribution for *custodia legis* costs owed to Plaintiff, Vinik Marine, breach of contract, unjust enrichment,  and piercing the corporate veil.  Having reviewed the parties written submission, the Court renders the following decision.

## I.    BACKGROUND

This matter arises out of an arrest action and sale of a barge named Exiderdome in a port of New Jersey.   The Exiderdome was a traveling exhibition showcasing Siemens Industry Inc.'s and Siemens AG's (collectively the "Siemens entities") automation technology and products to trade and industry customers around the world.  Siemens AG, a German corporation and its American subsidiary, Siemens Industry, Inc. entered into a contract with OSK GmbH, a public relations company based in Germany and also operates in New York City under OSK Marketing, to manage the exhibition.  The exhibition consisted of fifty-five specially designed and built shipping containers that were combined to create a series of showrooms to display the Siemens entities' products.  OSK GmbH owned the containers and leased them to Siemens.  Since the exhibition was to be shown in different ports, it was determined that the most efficient method would be to ship the exhibition by barge from port to port.   The exhibition was scheduled to travel to four United States locations: Chicago, Detroit, Boston, and New York City.  OSK Marketing arranged for the barge by entering into a Bareboat Charter Agreement with third party defendants, Hannah Maritime Corporation and Hannah Brothers (collectively the "Hannah entities") on March 3, 2008.  Under the Bareboat Charter Agreement, the Hannah entities were to supply an all-steel deck barge to transport the exhibition.  OSK Marketing and the Hannah entities also entered into a Standard Towing Agreement where Hannah was to provide a tug to tow the barge.  The Hannah entities contracted with Dann Marine Towing, LLC ("Dann Marine") to perform the towing services.

The Hannah entities purchased a tank barge and hired Ironhead in April 2008 to convert the barge into an all-steel deck barge, outfit the barge with the exhibition's shipping containers,

and perform additional work as requested by OSK Marketing.  Ironhead is an Ohio Corporation
that operates a shipyard and dry dock in Toledo, Ohio that refurbishes, repairs, and maintains
ships and other vessels.  Hannah was allegedly primarily responsible for paying Ironhead for the
work to be completed, but OSK Marketing also paid for all work it requested.  Once the barge
was complete the Hannah, Siemens, and OSK entities took possession of the barge to commence
the exhibition.  Hannah owned the barge and leased it to the OSK entities from June 26, 2008 for
an indefinite period.

On November 13, 2008, Ironhead commenced an *in rem* action in this Court against the
Exiderdome barge, captioned *Ironhead Marine Inc., v. Barge Exiderdome No. 1*, 2:08-cv-05553.
Ironhead had the barge arrested and moved for an interlocutory sale in order to recoup unpaid
expenses for work Ironhead performed.  On February 11, 2009, OSK GmbH filed a Verified
Claim of Owner of Containers on Board the Exiderdome pursuant to Local Admiralty Rule
c(6)(a) and filed opposition to Ironhead's motion for interlocutory sale.  OSK GmbH asserts that
it did not file a motion to intervene in the *in rem* action as a creditor claimant pursuant to Local
Admiralty Rule E(10)(a).  On June 15, 2009 this Court ordered the barge to be sold on ten days
public notice including the containers, which were held to be an appurtenance to the barge.  Prior
to the sale, Dann Marine and Vinik Marine intervened as creditor claimants under Local
Admiralty Rule E (10)(a).

On November 18, 2009, the United States Marshall sold the Exiderdome barge and "her
freights, engines, apparel, and tackle, masts, anchors, cables, claims, rigging furniture, and all
necessaries thereto appertaining" for $160,000.  The proceeds from the sale were distributed to
Ironhead, Vinik Marine, and Dann Marine as creditor claimants to the Barge Exiderdome.

3

However, the proceeds were insufficient to cover the total amount of expenses due.  Thereafter, Ironhead filed a complaint on January 14, 2010 in the District Court for the Northern District of Ohio against the OSK, Hannah, and Siemens entities, captioned *Ironhead Marine, Inc. v. Hannah*, 3:10-cv-00082.  The complaint alleges breach of contract, unjust enrichment, breach of quasi-contract, and piercing the corporate veil.  Ironhead alleges that it is seeking payment for "services rendered and not paid" and other unpaid expenses associated with the arrest of the barge.  Ironhead filed an amended complaint on August 17, 2010.

On April 14, 2010, Vinik Marine filed the present lawsuit against Ironhead seeking payment for the remaining *custodia legis* costs incurred while the barge Exiderdome was subject to arrest.  In this matter, the Court has denied Ironhead's motion to transfer this case to the Northern District of Ohio.  Vinik Marine also has a judgment against Ironhead for $387,000 for *custodia legis* costs.  Accordingly, this Court permitted Ironhead to file a third party complaint against all parties who may share liability for fees owed to Vinik Marine while the Barge Exiderdome was subject to arrest in New Jersey.  Ironhead filed its third party complaint against the OSK, Hannah, and Siemens entities on February 25, 2011.  OSK Marketing, OSK GmbH, and the Siemens entities have each filed a motion to dismiss Ironhead's third party complaint.

## II.   DISCUSSION

### A.   Motion To Dismiss Standard

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving

party. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir.1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). The Supreme Court has recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50.

**B.      First-Filed Rule and Duplicative Actions**

The OSK and Siemens entities (collectively "third party defendants") are seeking to

dismiss Ironhead's third party complaint under the first filed rule because it raises the same

claims as Ironhead's amended complaint, which was first filed in the Northern District of Ohio.

*EEOC v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988).  Alternatively, the third party

defendants argue that this Court should stay the pending action until the Ohio action is resolved.

*Unitronics, Inc. v. Robotic Parking Sys. Inc.*, No. 09-3493, 2010 WL 2545169, at *3 (D.N.J. June

18, 2010). *Clean Harbors, Inc. v. ACSTAR Ins. Co.*, No. 09-5175, 2010 WL 1930579, at * 6

(W.D. Pa. Oct. 7, 2005).  *See also Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000).  The

third party defendants also note that the first- filed rule equally applies to third party complaints

and duplicative actions filed in separate federal district courts.  *Funkhouser v. Chi-Chi's, Inc.*,

No. 05-638, 2005 WL 2545300 (W.D. Pa. Oct. 7, 2005); *Clean Harbors, Inc.*, No. 09-5175, 2010

WL 1930579 (W.D. Pa. Oct. 7, 2005); *Pai v. Reynolds Foil, Inc.*, No. 10-1465, 2010 WL

1816256 (D.N.J. May 5, 2010).

Ironhead counters that its third party complaint in this matter is not duplicative of the

amended complaint filed in the Ohio action, and that the two complaints are distinct for several

reasons.  Ironhead argues that Vinik Marine instituted the present action and is not a party to the

Ohio Action.  Second, in the Ohio Action Ironhead is seeking contract damages against the third

party defendants for work performed in Ohio whereas in the present matter, Vinik Marine is

seeking payment for outstanding *custodia legis* costs incurred while the barge Exiderdome was

subject to arrest in New Jersey.  Ironhead alleges that the third party defendants are responsible

for the *custodia legis* costs associated with the arrest because the arrest was a result of the third

party defendants failure to pay expenses owed to Ironhead under the contract. Ironhead argues that this Court must consider the equities when deciding whether to dismiss a suit under the first filed rule.  Ironhead argues that it will be unable to seek contribution from the third party defendants for the *custodia legis* costs owed to Vinik Marine if the third party complaint is dismissed.  Alternatively, Ironhead seeks a stay of this matter pending the resolution of the Ohio action if this Court finds that the complaints are duplicative.

The first-filed rule is well established in this Circuit where "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *See Crosley Corp. V. Hazeltine Corp.*, 122 F.2d 925, (3d Cir. 1941); *EEOC*, 850 F.2d at 971.  For the rule to apply, the later filed action must involve the same parties and issues already before another federal court. *EEOC*, 850 F.2d at 971-72 (*citing Triangle Conduit & Cable Co. v. Nat'l Elec. Products Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1941).  If the two suits are duplicative, then a federal court has the inherent power to dismiss, transfer, or stay the later filed action.  *Clean Harbors, Inc. v. ACSTAR Ins. Co.*, No. 09-5175, 2010 WL 1930579, at * 6 (W.D. Pa. Oct. 7, 2005).  *See also Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000).  The rule is intended to promote "sound judicial administration" and "comity among federal courts of equal rank." *EEOC*, 850 F.2d at 971.  Federal courts also have discretion when applying the first-filed rule so that jurisdiction could be retained on a later filed action, but only under exceptional circumstances.  *EEOC*, 850 F.2d at 971.  Such exceptional circumstances include inequitable conduct, bad faith, and forum shopping.  *Id.*

Here, Ironhead has filed a third party complaint that is duplicative of its amended complaint first filed in the Ohio action.  As to the similarity of the parties, the third party

7

defendants in this action are the same defendants in the Ohio action.  Although Vinik Marine is not a party to the Ohio action, they are not prejudiced by a dismissal of the third party complaint because they have received a judgment against Ironhead in New Jersey for $387,000.  The issue of which entities are liable for contribution towards that judgment will be decided in the Ohio action.  As to the similarity of the issues, Ironhead's third party complaint mirrors it Ohio complaint aside from a contribution claim towards Vinik Marine's judgment.

A review of Ironhead's amended complaint in the Ohio action demonstrates that Ironhead is seeking the same relief in its third party complaint in the present matter.   Ironhead's first count for breach of contract expressly seeks "expenses for attorneys fees, wharfage fees, towing fees, guarding fees and other fees associated with the attachment and/or maintenance of the barge"against the third party defendants also named in this action.  Ohio Amend. Compl. ¶ 42.  The Ohio amended complaint further itemizes the expenses Ironhead alleges to have incurred from the New Jersey arrest action and seeks to hold the third party defendants "jointly responsible to Ironhead for any and all costs, expenses and/or fees related to the attachment, storage and sale of Barge Exiderdome that Ironhead has paid or becomes responsible for that are not covered by proceeds from the sale of Barge Exiderdome."  Ohio Amend. Compl. ¶¶ 43-44.  Ironhead's prayer for relief also seeks "[a]n award of actual damages against all Defendants for, expenses and attorney fees for any and all unreimbursed amounts associated with the attachment, storage and sale of the Barge Exiderdome."  Ohio Amend. Compl.  ¶  E.  Here, Ironhead's third party complaint is also seeking contribution for the *custodia legis* costs and any other expenses related to the arrest action.  Third Party Compl. ¶¶ 47-48.  The remainder of the third party complaint asserts the same breach of contract, unjust enrichment, breach of quasi-contract, and

8

piercing the corporate veil causes of action as the Ohio amended complaint. Considering the complaints are duplicative as to both subject matter and the parties, the first filed rule applies in this case, and there are no exceptional circumstances that would justify this Court from declining application of the rule.

### C.    Dismissal

It is within the Court's discretion to dismiss or stay a later filed action. *See EEOC*, 850 F.2d at 971. Having determined that the issue of whether the third party defendants are liable for the expenses incurred from the New Jersey arrest action are before the Ohio court, this Court will dismiss Ironhead's third party complaint under the first filed rule rather than issue a stay. The docket in the Ohio case indicates that there are pending dispositive motions and the case has progressed further than the present action. However, the third party complaint will be dismissed without prejudice since the Court did not address the claims on the merits.

Accordingly, the Court will not address whether the third party defendants are liable for the *custodia legis* fees owed to Vinik Marine. The Ohio action will determine the rights and liabilities of the parties and the amount of contribution, if any, towards the payment of Vinik Marine's judgment in the amount of $387,000.

Vinik Marine may also seek judgment for the remaining *custodia legis* fees owed from November 13, 2008 to January 26, 2009 once the Ohio action determines which parties are liable for the expenses incurred as a result of the barge's arrest in New Jersey. At that time, Vinik Marine may move to file an amended complaint to directly sue the third party defendants. Thus, Vinik Marine's pending motion to amend its complaint to file suit directly against the third party defendants is dismissed until the Ohio action is resolved.

**III.     CONCLUSION**

For the reasons stated above, the third party defendants', OSK Marketing, OSK GmbH, Siemens Industry Inc. and Siemens AG, motion to dismiss is granted.  Ironhead's third party complaint is dismissed without prejudice.  Additionally, Vinik Marine's motion to file an amended complaint is dismissed.

**ORDER**

It is on this 28th day of March, 2012

ORDERED that the motions to dismiss filed by OSK Marketing (ECF No.45), OSK GmbH (ECF No. 61), Siemens Industry Inc. (ECF No. 51), and Siemens Aktiengesellschaft (ECF No. 72) are GRANTED; and it is further

ORDERED that Ironhead's third party complaint filed on February 25, 2011 (ECF No. 29) is dismissed without prejudice; and it is further

ORDERED that Vinik Marine's motion to amend/correct the complaint (ECF No. 87) is denied.

*s/Peter G. Sheridan*_____
PETER G. SHERIDAN, U.S.D.J.

March 28, 2012

10